**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

DUSTIN SHEELER,

                Plaintiff

      v.

COUNSELOR CHERRY, *et al.*,

                Defendants.

CIVIL ACTION NO. 3:24-cv-00326

(MEHALCHICK, J.)

## ORDER

Plaintiff Dustin Sheeler ("Sheeler"), an inmate housed at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Medication Assisted Treatment ("MAT") Program Counselor Cherry, MAT Program Counselor Warholic, Corrections Health Care Administrator McCorkle, and Superintendent Rivello.

On May 17, 2024, Defendants filed a Rule 12(b) motion to dismiss. (Doc. 15). On January 13, 2025, the Court granted Defendants' motion and dismissed the complaint with leave to amend certain claims. (Doc. 22; Doc. 23). In response to the Court's Order, Sheeler filed a proposed amended complaint. (Doc. 26). After reviewing the proposed amended complaint, the Court dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), concluding that Sheeler failed to cure the deficiencies listed in the January 13, 2025 Memorandum. (Doc. 27; Doc. 28). Sheeler then filed a motion for reconsideration of the Court's Order dismissing his amended complaint. (Doc. 29). However, Sheeler failed to file a brief in support of his motion as required by Local Rule 7.5. Therefore, by Order dated August 25, 2025, the Court deemed the motion withdrawn. (Doc. 31).

Currently pending are two motions for reconsideration filed by Sheeler. (Doc. 32; Doc. 24). The court concludes that both motions are untimely under Local Rule 7.10, which states: "Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned. This rule is not applicable to a motion to alter or amend a judgment under Fed. R. Civ. P. 59." LOCAL RULE OF COURT 7.10.

Sheeler first seeks reconsideration of the Court's August 25, 2025 Order deeming his previous motion withdrawn. (Doc. 32). Sheeler filed this motion for reconsideration on October 3, 2025, more than 14 days after the Court entered its August 25, 2025 Order. Sheeler next seeks reconsideration of the Court's January 13, 2025 Order dismissing his amended complaint. (Doc. 34). Once again, Sheeler filed this motion for reconsideration on October 22, 2025, well past 14 days after the Court entered its January 13, 2025 Order. Sheeler's motions, therefore, are untimely pursuant to Local Rule 7.10.

A district court "can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). Nothing before the Court suggests a basis for the Court to depart from the Local Rules and conclude that Sheeler's motions are not untimely under Local Rule 7.10.[1]

---

[1] Even if Sheeler's motions were not filed past the 14-day period allotted by Local Rule 7.10, he fails to set forth a valid basis for reconsideration. To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court…[rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion

ACCORDINGLY, this 14th day of May, 2026, it is hereby ORDERED that the motions (Doc. 32; Doc. 34) are DENIED.

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

---

for reconsideration is "extremely limited" in scope and may not be used "as an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Sheeler argues that: (1) his previous motion for reconsideration should not be deemed withdrawn based on his *pro se* status (Doc. 33); and (2) he should be granted leave to file a second amended complaint. (Doc. 35). Sheeler's motions constitute little more an expression of disagreement with the Court's prior decisions, a ground patently insufficient for purposes of reconsideration. *See Boretsky v. New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011). The Court finds there is no basis to grant reconsideration because Sheeler has not met the applicable standard warranting reconsideration.